UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**CHAMBERS OF**
**CHARLES D. AUSTIN**
**UNITED STATES MAGISTRATE JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**(410) 962-7810**
**MDD_CDAChambers@mdd.uscourts.gov**

May 30, 2024

LETTER TO ALL COUNSEL OF RECORD

Re: *Tommie S. v. Martin O'Malley, Commissioner, Social Security Administration*[1]
Civil No. 20-3718-CDA

Dear Counsel:

On December 22, 2020, Plaintiff Tommie S. ("Plaintiff") petitioned the Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to a magistrate judge with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). The Court has considered the record in this case (ECF 17) and the parties' briefs (ECFs 20, 22, 23). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the SSA's decision if it is supported by substantial evidence and if the SSA employed proper legal standards. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). For the reasons explained below, the Court will REVERSE the SSA's decision and REMAND the case to the SSA for further consideration.

I.   **PROCEDURAL BACKGROUND**

Plaintiff protectively filed a Title II application for Disability Insurance Benefits ("DIB") on August 10, 2018, alleging a disability onset of June 30, 2014. Tr. 13, 279–85. She subsequently amended her alleged onset date to January 13, 2017. Tr. 4. Plaintiff's claim was denied initially and on reconsideration. Tr. 145–48, 153–55. On June 1, 2020, an Administrative Law Judge ("ALJ") held a hearing. Tr. 20–59. On June 16, 2020, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. ECF 20, at 2; ECF 22, at 3.[3]

After the SSA's decision became final on October 27, 2020, Plaintiff petitioned this Court for review. Tr. 137. With the consent of both parties, the Court remanded Plaintiff's case to the SSA pursuant to sentence six of 42 U.S.C. § 405(g). Tr. 134. On remand, the Appeals Council

---

[1] Plaintiff filed this case against Andrew Saul, the Commissioner of Social Security, on December 22, 2020. ECF 1. Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Accordingly, the Court substitutes Commissioner O'Malley as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

[3] This decision is referenced, but not reproduced, in the administrative record.

*Tommie S. v. O'Malley*
Civil No. 20-3718-CDA
May 30, 2024
Page 2

vacated the ALJ's June 16, 2020 decision and remanded Plaintiff's case to an ALJ. Tr. 131. A new hearing was held on January 4, 2022. Tr. 60–104. On February 7, 2022, the ALJ issued an unfavorable decision on Plaintiff's claim. Tr. 1–19. Because Plaintiff filed no exceptions with the Appeals Council, and because the Appeals Council did not otherwise assume jurisdiction, the February 7, 2022 decision is the final, reviewable decision of the SSA. *See* 20 C.F.R. § 404.9484(d).

## II.     THE ALJ'S DECISION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The SSA evaluates disability claims using a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520. Under this process, an ALJ determines, in sequence, whether a claimant: "(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012).

Here, at step one, the ALJ determined that Plaintiff "did not engage in substantial gainful activity during the period from her amended alleged onset date of January 13, 2017 through her date last insured of December 31, 2019." Tr. 6. At step two, the ALJ found that Plaintiff "had the following severe impairments: respiratory impairment - chronic obstructive pulmonary disease (COPD)/emphysema and obesity." Tr. 7. The ALJ also found that Plaintiff suffered from non-severe hypertension. *Id.* At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id*. The ALJ then determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a), except she is occasionally able to climb ramps or stairs, never able to climb ladders, ropes or scaffolds, is frequently able to balance, is occasionally able to stoop, kneel, crouch, or crawl, must avoid concentrated exposure to extreme cold, heat or humid conditions; must avoid concentrated exposure to odors, fumes, dusts, gases or other pulmonary irritants; and must avoid work at unprotected heights.

Tr. 8. The ALJ found that Plaintiff could perform her past relevant work as a secretary. Tr. 13. Therefore, the ALJ concluded that Plaintiff was not disabled. *Id.*

## III.    LEGAL STANDARD

The Court's review is limited to determining whether substantial evidence supports the ALJ's findings and whether the ALJ applied the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The [ALJ's] findings . . . as to any fact, if supported by

substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla" and "somewhat less than a preponderance." *Id*. In conducting the "substantial evidence" inquiry, the Court considers whether the ALJ analyzed the relevant evidence and sufficiently explained their decision. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision[.]").

## IV. ANALYSIS

Plaintiff argues that the ALJ's "step-three determination is unsupported by substantial evidence, as the ALJ failed to properly evaluate whether Plaintiff's impairments met or medically equaled the criteria in Listing 3.02[.]" ECF 20, at 7. She also argues that the ALJ "failed to follow the procedures outlined in 20 C.F.R. § 404.1520a ('the special-technique regulation'), rendering the decision unsupported by substantial evidence[.]" *Id.* at 15. Defendant counters: (1) that Plaintiff "fails to prove that she met the demanding threshold for *per se* disability" at step three and (2) that the ALJ was not required to apply the special technique because they identified no medically determinable mental impairments. ECF 22, at 7, 12–13. For the reasons explained below, the Court determines that Plaintiff's first argument is dispositive of this matter.

The SSA's "Listing of Impairments" describes, "for each of the major body systems[,] [the] impairments that [the SSA] consider[s] to be severe enough to prevent an individual from doing any gainful activity[.]" 20 C.F.R. § 404.1525(a). At step three of the sequential evaluation process, an ALJ determines whether a claimant has an "impairment[] that meets or equals" a listed impairment (a "Listing"). *Id.* § 404.1520(a)(4)(iii). If the ALJ finds that an impairment meets or equals a Listing, the ALJ must find that the claimant is disabled. *See id.* Relevant to this case, Listing 3.02 pertains to chronic respiratory disorders. *Id.* pt. 404, subpt. P, app. 1 § 3.02. To show that an impairment meets or equals Listing 3.02, a claimant must satisfy the criteria set forth in any of four sections ("Paragraphs") in Listing 3.02. *See id.*

Here, after finding that Plaintiff suffered from severe chronic obstructive pulmonary disease and emphysema, the ALJ considered whether her impairments met or equaled Listing 3.02:

> The claimant's lung condition has been evaluated under Listing 3.02 regarding chronic pulmonary insufficiency. This listing can be met when acceptable FEV, FVC, or DLCO testing results at or below a value specific to the claimant's gender, age, and height. For the claimant's height of 65 inches and age, she has to have a FEV1 equal to or less than 1.35. The claimant has various testing which does show listing level results at times; however, in most of those instances, the pre-date last insured testing was not performed after treatment with a bronchodilator, and the time that it was performed after treatment (early January 2019), it was 1.50 and did not meet (< 1.35). There was a post-treatment testing that met listing level, but it was performed post-date last insured (Exh. 14F). There is another post-date last

> insured FEV1 that may meet listing level (.75), but besides for being post-date last insured, a bronchodilator does not appear to have been used (Exh. 24F/3).

Tr. 7.  The ALJ's statement concerning an FEV1 equal to or less than 1.35 refers to the first Paragraph of Listing 3.02 ("Paragraph A"), which permits a claimant to meet the Listing by producing a certain forced expiratory volume in the first second of a forced expiratory maneuver.  20 C.F.R. pt. 404, subpt. P, app. 1 §§ 3.00C(10), 3.02A.  This "volume" is referred to as the "FEV1."  *Id.* § 3.00E(1).  The ALJ apparently concluded that certain FEV1 results in the record did not satisfy Paragraph A's criteria because testing was performed without the use of a bronchodilator.  *See* Tr. 7.  But Listing 3.02A contains no reference to bronchodilation.  *See* 20 C.F.R. pt. 404, subpt. P, app. 1 § 3.02A.  Moreover, Section 3.00 of the Listings makes clear that bronchodilation is not dispositive of the ability to satisfy Listing 3.02A:

> During testing, if your FEV1 is less than 70 percent of your predicted normal value, we require repeat spirometry after inhalation of a bronchodilator to evaluate your respiratory disorder under these listings, unless it is medically contraindicated. If you used a bronchodilator before the test and your FEV1 is less than 70 percent of your predicted normal value, we still require repeat spirometry after inhalation of a bronchodilator unless the supervising physician determines that it is not safe for you to take a bronchodilator again (in which case we may need to reschedule the test). If you do not have post-bronchodilator spirometry, the test report must explain why. We can use the results of spirometry administered without bronchodilators when the use of bronchodilators is medically contraindicated.

*Id.* § 3.00E(2)(b).  The ALJ did not specify whether Plaintiff's predicted normal value necessitated the inhalation of a bronchodilator or whether any test report explained why a bronchodilator was not used.  Rather, the ALJ appears to have reasoned that a lack of bronchodilator inhalation precludes a claimant from satisfying Listing 3.02A.  Because Listing 3.02A contains no such requirement, the Court cannot conclude that the ALJ's step-three analysis was based on the correct application of the relevant legal standards.

The ALJ further erred by determining that certain FEV1 results did not satisfy Listing 3.02A because they were recorded after the date on which Plaintiff was last insured.  *See* Tr. 7.  Consideration of evidence created after a claimant's date last insured ("DLI") is appropriate when "'the record is not so persuasive as to rule out any linkage' of the final condition of the claimant with [her] earlier symptoms."  *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 341 (4th Cir. 2012) (quoting *Moore v. Finch*, 418 F.2d 1224, 1226 (4th Cir. 1969)).  Because Listing 3.02A does not require testing to occur before a claimant's DLI, and because the ALJ summarily disregarded post-DLI testing without determining if it was relevant to Plaintiff's pre-DLI condition, the ALJ failed to apply the correct legal standards at step three.  *See id.*; 20 C.F.R. pt. 404, subpt. P, app. 1 § 3.02A.

In sum, remand is necessary because the ALJ failed to apply the correct legal standards in determining whether Plaintiff met or equaled Listing 3.02.  *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  Because the case is being remanded on these grounds, the Court need not

*Tommie S. v. O'Malley*
Civil No. 20-3718-CDA
May 30, 2024
Page 5

address Plaintiff's other argument.  On remand, the ALJ is welcome to consider that argument and, if warranted, to adjust their decision accordingly.  In remanding for further explanation, the Court expresses no opinion regarding the ALJ's conclusion that Plaintiff is not entitled to benefits.

## V.     **CONCLUSION**

For the reasons set forth herein, the SSA's judgment is REVERSED due to inadequate analysis pursuant to sentence four of 42 U.S.C. § 405(g).  The case is REMANDED for further proceedings in accordance with this opinion.  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion.  A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge